**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jorge RAMIREZ–GOMEZ,
Defendant—Appellant.**

**No. 05–50009.**

United States Court of Appeals,
Ninth Circuit.

Argued March 9, 2006.

Submitted June 28, 2007.

Filed June 28, 2007.

William P. Cole, Esq., George Aguilar, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Ray Antonio Estolano, Esq., Chula Vista, CA, for Defendant–Appellant.

Before: D.W. NELSON, THOMAS, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Jorge Ramirez–Gomez appeals his convictions for bringing an alien to the United States under 8 U.S.C. § 1324. We reverse. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

We deferred submission of this case pending the issuance of an opinion in *United States v. Lopez*, No. 05–50415, which has now been decided. *See United States v. Lopez*, 484 F.3d 1186 (9th Cir.2007). *Lopez*, which was decided after the district court's opinion in this case, requires us to reverse the three counts of bringing an illegal alien to the United States in violation of 8 U.S.C. § 1324(a)(2)(B)(ii).[1]

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Based on the undisputed facts, Ramirez–Gomez was convicted of three counts of trans-porting an alien within the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and three counts of bringing an alien to the United States for financial gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii). The convictions

*Lopez* held that the crime of bringing an illegal alien to the United States terminates when the initial transporter ceases transporting the alien. *Id.* at 1187–88. Lopez also held that "the mere act of picking up aliens at a location near the border and transporting them within the United States is not sufficient to support a conviction for aiding and abetting a 'brings to' offense." *Id.* at 1199–01.

Applying these requirements to the instant case, we conclude that Ramirez–Gomez's convictions for the "brings to" offense cannot stand. The undisputed evidence is that the initial transporter ceased transporting the aliens at a prearranged location somewhere near the border. At this point, the "brings to" crime was completed. After being taken to an initial safe house, each of the three aliens made stops at various houses and hiding places, where they waited at least thirty minutes and as much as several hours before relocating, and they were transported or guided by numerous different people before Ramirez–Gomez picked them up in San Diego.

There is no evidence whatsoever that Ramirez–Gomez acted in furtherance of the "bringing to" crime prior to the aliens' arrivals at their drop-off points. He did not personally encounter any of the aliens until they reached San Diego. None of the evidence that the aliens were midway through a longer journey implicates Ramirez–Gomez personally in the extraterritorial aspects of the crime charged, nor does it indicate proximity to the extraterritorial conduct involved. To the contrary, there is simply no evidence demonstrating that Ramirez–Gomez was involved in the scheme prior to the aliens' arrival at their immediate destinations in the United States.

for illegal transportation are not at issue in

For these reasons, we conclude that the evidence is not sufficient to support the convictions for the "brings to" offenses under *Lopez.*

**REVERSED.**

TALLMAN, Circuit Judge, concurring.

I agree in light of our en banc decision in *United States v. Lopez,* 484 F.3d 1186 (9th Cir.2007), that we must reverse the "brings to" convictions of Ramirez–Gomez. I believe Ninth Circuit law is wrong for the reasons I explained in my dissent in *Lopez. See id.* at 1201–11. But until either Congress or the Supreme Court corrects our court's jurisprudence on alien smuggling, I reluctantly concur.